**In re Anonymous No. 7 D.B. 76**

Disciplinary Board Docket No. 7 D.B. 76.

McDONNELL, *Member,* October 30, 1980—Pursuant to Pa.R.D.E. 218(c)(5) of the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner was suspended from the practice of law before this honorable court on October 14, 1977 for a period of two years, such suspension being made retroactive to February 9, 1976 as a result of his conviction for income tax evasion in 1974.

Petitioner, having filed a petition for reinstatement, had a hearing before a hearing committee on June 28, 1978. At that hearing, petitioner was informed by Assistant Disciplinary Counsel of the finding by a special three-Judge Disciplinary Court handed down that day as a result of a hearing held four years earlier, that he was guilty of several counts of unlawful solicitation and other charges relating to his handling of personal injury cases. Those charges arose from a petition for discipline which had been filed in February of 1972. As a result of the findings of the Special Disciplinary Court, this honorable court ordered petitioner suspended from the practice of law for an additional two year period, beginning February 9, 1978, with permission granted to apply for reinstatement after August 2, 1979.

The instant petition for reinstatement was thereafter filed, and a hearing committee heard testimony on October 25 and 26, 1979 and on June

25, 1980 filed a report recommending that the petition for reinstatement be granted.

Thereafter, the Office of Disciplinary Counsel filed a brief on exceptions to the hearing committee's report. Petitioner answered said exceptions with a lengthy brief.

## II. DISCUSSION

The record in this case indicates that petitioner moved to California in 1973 and has lived there since then, and was living there at the time that testimony was being taken by the hearing committee. He was suspended from the practice of law in California in August of 1976 as a result of his 1974 conviction for income tax evasion in Pennsylvania. He was reinstated to the practice of law in California in March of 1979 and was practicing there at the time of the hearing held in Pennsylvania in October of 1979.

The hearing committee found that he had been a competent member of the Pennsylvania Bar prior to his suspension, and that he had practiced law in California before his suspension there and is now currently practicing law in California. The hearing committee found that petitioner "by virtue of his training and experience here and his continued practice in California certainly cannot be said to be unqualified by reason of training or knowledge to practice law here."

The hearing committee also found that petitioner was candid and not at all evasive during his testimony before them, and that he has led a "decent and simple life in California." The Office of Disciplinary Counsel raised, at the hearing and also in its brief on exceptions filed to the recommendation of

the hearing committee, allegations that petitioner had allowed his name to be carried in two directories with the designation "Attorney" after his name, as well as leaving his name on a building directory during a period of time after his suspension in California. After hearing petitioner's testimony, the hearing committee was of the opinion that these allegations did not amount to holding himself out as an attorney, and accepted petitioner's explanation as to why he was not responsible for the listings remaining for some time after his suspension.

Also raised by disciplinary counsel were charges that petitioner continued to practice law in California after his suspension in two specific cases that were in his office prior to his suspension. Regarding those charges, petitioner testified at the hearing that in one case he filed the necessary papers to toll the running of the statute of limitations, and then turned the case over to another lawyer. In the other case, he testified that he did some legal activity in a case involving a difficult liability question until he was able to get another lawyer to take over the case. In neither of these cases did petitioner have any financial gain.

After hearing all of the evidence, the hearing committee found that petitioner was not practicing law during his suspension in California. Significantly, the courts of California did not find him in violation of his suspension, and, in fact, reinstated him in March of 1979.

After hearing all of the evidence, the hearing committee unanimously found that petitioner was competent to practice law, and that he has the necessary moral qualifications, and therefore recommends his reinstatement.

## III.  RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that petitioner, [   ] be reinstated to the practice of the law pursuant to Pa.R.D.E. 218 upon payment of the necessary expenses incurred in the investigation and processing of the petition as set forth on the attached schedule pursuant to Rule 218(e).

## ORDER

O'BRIEN, *C.J.*, And now, February 17, 1981, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania dated October 30, 1980 is accepted; and it is ordered that the suspension of petitioner is terminated and he will be reinstated to the Bar of the Supreme Court of Pennsylvania and in all the courts under its supervisory jurisdiction, provided he retakes the usual oath of attorneys upon admission to the bar and pays the necessary expenses incurred in the investigation and processing of the petition for reinstatement.